# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| FAE USA INC. | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JUSTIN McDaniel D/B/A McDANIEL AND SON, | ) CIVIL ACTION |
| | ) FILE NO. 2:22-cv-00034-RWS |
| | ) |
| | ) **JURY TRIAL DEMANDED** |
|     Defendant. | ) |

## COMPLAINT

Plaintiff FAE USA, Inc. ("**FAE**" or "**Plaintiff**"), submits the following as its Complaint against the Defendant Justin McDaniel d/b/a McDaniel and Son ("Defendant"):

### THE PARTIES, JURISDICTION, VENUE

1.

Plaintiff is a Georgia corporation with its principal place of business located in Flowery Branch, Georgia.

2.

Upon information and belief, Defendant Justin McDaniel is a citizen of Wisconsin residing at 2714 Deerfield Drive West Bend, Wisconsin 53090, who owns and operates an equipment sales business under the name McDaniel and Son.

3.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the Parties to this matter are citizens of different states and as the amount in controversy exceeds $75,000.00.

4.

Jurisdiction in this Court is proper as Plaintiff has its principal place of business in Flowery Branch, Georgia, which is situated within the Northern District of Georgia, Gainesville Division.

**FACTS COMMON TO ALL COUNTS**

5.

From April 1, 2021 through May 27, 2021, Defendant purchased five (5) pieces of equipment from Plaintiff totaling $155,004.13, and, with each purchase, Defendant agreed to Plaintiff's Terms and Conditions ("Contracts").  True and correct copies of Contracts reflecting Defendant's purchases, which also contain Plaintiff's Terms and Conditions, are attached hereto as **COMPOSITE EXHIBIT A.**

6.

As a result, Plaintiff and Defendant entered into five written contracts between April 1, 2021 through May 27, 2021 that was supported by consideration for five pieces of FAE equipment. (For ease of reference, the five separate contracts will be referenced throughout this Complaint as the "**Contract**").

**A. Contract One**

7.

On April 1, 2021, Defendant bought equipment from Plaintiff totaling $33,290.49 with payment due on May 1, 2021.

**B. Contract Two**

8.

On April 7, 2021, Defendant purchased equipment from Plaintiff totaling $33,153.34 with payment due on May 7, 2021.

**C. Contract Three**

9.

On April 9, 2021, Defendant purchased equipment from Plaintiff totaling $29,854.55 with payment due on May 9, 2021.

**D. Contract Four**

10.

On April 16, 2021, Defendant purchased equipment from Plaintiff totaling $30, 346.55 with payment due on May 16, 2021.

**E. Contract Five**

11.

On May 27, 2021, Defendant purchased equipment from Plaintiff totaling $28, 359.20 with payment due on June 26, 2021.

12.

Pursuant to the Contracts, Plaintiff shipped the five pieces of equipment to Defendant at 8294 Orchard Valley Road, West Bend, Wisconsin 53090, and Defendant received all such equipment.

13.

Pursuant to the terms and conditions of the Contracts, Defendant had thirty (30) days from the date of each Contract to issue full payment to Plaintiff or Plaintiff could charge a late fee of 2% per month or the maximum allowed by law.

14.

Despite Plaintiff delivering the equipment to Defendant, Defendant failed to pay the Contract amounts within the time agreed upon by the Parties in writing.

15.

On July 12, 2021, after numerous attempts to contact Defendant, Defendant acknowledged the total amount of the debt owed of $155,004.13 to FAE USA and agreed to make an initial payment of $4,000 and then send the remaining invoice balance later that week. Defendant made a $4,000 payment on July 16, 2021, but failed to transfer the remaining invoice balance of $151,004.13.

16.

Despite Defendant's failure to pay the outstanding balance of the contracts, Plaintiff continued its good-faith attempts to resolve Defendant's breach by notifying Defendant, by letter dated August 20, 2021, that if Defendant failed to respond by August 27, 2021, Plaintiff would be forced to submit the matter for arbitration, as set forth in the Contracts' Terms and Conditions. Plaintiff sent its August 20, 2021 letter by mail to two separate addresses as well as by e-mail to ensure delivery to Defendant.

17.

To date, Defendant has failed to respond to Plaintiff's August 20, 2021 letter.

18.

Pursuant to the terms of the Contracts, Plaintiff exercised its rights and initiated the arbitration process September 22, 2021. The contractually designated

arbitration company, Henning Mediation & Arbitration Service, Inc., sent Defendant a notice of arbitration and a demand for Defendant to pay the initial arbitration fee of $1,500.00. However, Defendant notified the Henning case coordinator that he was unable to pay the arbitration fee. Plaintiff issued payment for its portion of the arbitration fee at the time that it initiated the arbitration process.

19.

The arbitration could not proceed as Defendant failed to pay the required initial arbitration fee.

**COUNT I: BREACHES OF CONTRACTS**

20.

Plaintiff realleges, as if fully set forth herein, each and every allegation contained in Paragraph 1-19 as if fully set forth herein.

21.

As described above, Plaintiff entered into five Contracts with Defendant regarding the purchase of five pieces of FAE equipment.

22.

Pursuant to the Contract, Defendant agreed to pay the invoice totals within thirty days of the Contract dates.

23.

Defendant breached the terms and conditions of the Contract when he failed to pay the invoice amounts.

24.

As a direct and proximate result of Defendant's breach, Plaintiff has not received the benefit of the bargain.

25.

As a direct and proximate result of Defendant's breach, Plaintiff has suffered and will continue to suffer monetary damage.

26.

Plaintiff's damages, as a result of Defendant's breach, as described herein, total to $151,004.13, plus 2% interest for every thirty days each payment is late, until paid in full, pursuant to the contractual terms at bar.

27.

All damages to Plaintiff described herein are the direct and proximate result of Defendant's breach of the Contracts and are ongoing and continue to amount. As a result, Plaintiff has suffered consequential damages in an amount to be determined at trial.

28.

As a result, Defendant is liable to Plaintiff for all damages sustained by Plaintiff in an amount to be determined at trial, plus pre-judgment interest, post-judgment interest, and attorney's fees.

## COUNT II: IMPLIED BREACHES OF CONTRACT

29.

Plaintiff realleges, as if fully set forth herein, every allegation contained in Paragraph 1- 28 as if fully set forth herein.

30.

Defendant sought to purchase five pieces of equipment from FAE in exchange for Defendant paying the purchase price for each piece of equipment.

31.

Plaintiff accepted Defendant's request for purchase by shipping and Defendant receiving the request equipment and notifying the Defendant of payment by promptly sending invoices for each purchase.

32.

Plaintiff would not have shipped the pieces of equipment to Defendant in the absence of an implied or express contract between them.

33.

Defendant breached the implied contract it made with Plaintiff by failing to issue payment for the equipment he purchased and received from Plaintiff.

34.

As a direct and proximate cause of Defendant's breach of the implied contracts with Plaintiff, Plaintiff sustained actual losses and damages as described in detail above.

## COUNT III: ATTORNEY'S FEES

35.

Plaintiff realleges, as if fully set forth herein, every allegation n Paragraph 1-34 as if fully set forth herein.

36.

Defendant has acted in bad faith, been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense in forcing Plaintiff to pursue this action.

37.

As a result, Plaintiff is entitled to recover its attorney's fees and costs of litigation as provided in O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff FAE USA, Inc. asks this court for the following relief:

1. That Judgment be entered in Plaintiff's favor on all counts as pled herein;

2. That Plaintiff be awarded all special, compensatory, and all other elements of damage allowable under both Georgia and federal law;

3. That this Court award Plaintiff its attorney's fees;

4. That this Court order any further relief to which it deems fair and proper.

This 16th day of February, 2022.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/  Frederick Owen Ferrand*
Frederick Owen Ferrand
Georgia Bar No. 259169
Savannah Pelfrey Acheson
Georgia Bar No. 283488
*Attorneys for Plaintiff*

1355 Peachtree St., N.E., Suite 300
Atlanta, GA  30309
Ph:  404-874-8800
Fx:  404-888-6199
Fred.Ferrand@swiftcurrie.com
Savannah.Acheson@swiftcurrie.com

4865-2184-0900, v. 1